UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────────

IN RE: VALERIE FLORES,

                            1:26-pf-1 (BKS)

            Respondent.

─────────────────────────────────────────────

**Hon. Brenda K. Sannes, Chief U.S. District Judge:**

## ORDER TO SHOW CAUSE

### I.    INTRODUCTION

On December 19, 2025, United States District Judge Glenn T. Suddaby issued a Text Order in *Flores v. Credit One Bank,* No. 25-cv-00683 (GTS/MJK) (N.D.N.Y. filed Dec. 19, 2025), Dkt. No. 9, referring the plaintiff, Valerie Flores (named here as "Respondent"), to the undersigned for consideration of whether an order directing Flores to show cause why she should not be enjoined from filing any new actions in the Northern District of New York as a pro se litigant, without prior permission of the Chief Judge. For the reasons that follow, the Court orders Respondent to show cause why she should not be enjoined from filing any civil action *pro se* in this District without prior leave of the Chief Judge or his or her designee.

### II.    BACKGROUND

Since August 2023, Respondent has filed 33 actions pro se in the Northern District of New York: *Flores v. Meigs*, No. 23-cv-00979 (filed Aug. 11, 2023); *Flores v. SSM Health, et al.*, No. 23-cv-00980 (filed Aug. 11, 2023); *Flores v. Gorman & Co.*, No. 23-cv-01023 (filed Aug. 21, 2023); *Flores v. California Highway Patrol*, No. 24-cv-01229 (filed Oct. 7, 2024); *Flores v. Peterson*, No. 24-cv-01231 (filed Oct. 7, 2024); *Flores v. Comm'r of Social Security*, No. 25-mc-00006 (filed Mar. 26, 2025); *Flores v. Van Galder Coach USA Bus Co.*, No. 25cv00684 (filed

May 29, 2025); *Flores v. Credit One Bank*, No. 25-cv-00683 (filed May 28, 2025); *Flores v. Vang*, No. 25-cv-01733 (filed Dec. 10, 2025); *Flores v. Liberty Mutual Ins.*, No. 25-cv-01730 (filed Dec. 10, 2025); *Flores v. Carry on Trailer*, No. 25-cv-01731 (filed Dec. 10, 2025); *Flores v. Cornerstone Manor*, No. 25-cv-01744 (filed Dec. 14, 2025); *Flores v. Great Deals on Wheels*, No. 25-cv-01745 (filed Dec. 14, 2025); *Flores v. Wells Fargo*, No. 25-cv-01755 (filed Dec. 14, 2025); *Flores v. Delaware North*, No. 25-cv-01757 (filed Dec. 14, 2025); *Flores v. The Glover House*, No. 25-cv-01760 (filed Dec. 14, 2025); *Flores v. Davis*, No. 25-cv-01758 (filed Dec. 14, 2025); *Flores v. Hoye, et al.*, No. 25-cv-01743 (filed Dec. 14, 2025); *Flores v. CA Cares*, No. 25-cv-01761 (filed Dec. 15, 2025); *Flores v. Stephani*, No. 25-cv-01824 (filed Dec. 26, 2025); *Flores v. Northshore Univ. Health Sys./Northwest Comm. Hosp.*, No. 25-cv-01819 (filed Dec. 26, 2025); *Flores v. City of Pittsburgh*, No. 25-cv-01823 (filed Dec. 25, 2025); *Flores v. Dane Cnty. Human Servs.*, No. 25-cv-01831 (filed Dec. 25, 2025); *Flores v. Lester Smith*, No. 25-cv-01838 (filed Dec. 26, 2025); *Flores v. Car Revolution*, No. 25-cv-01820 (filed Dec. 27, 2025); *Flores v. Meyer*, No. 25-cv-01829 (filed Dec. 27, 2025); *Flores v. Carvana*, No. 25-cv-01826 (filed Dec. 28, 2026); *Flores v. Thomas*, No. 25-cv-01834 (filed Dec. 28, 2025); *Flores v. Kropp*, No. 25-cv-01835 (filed Dec. 30, 2025); *Flores v. Lettman*, No. 25-cv-01833 (filed Dec. 31, 2025); *Flores v. Williams Court*, No. 26-cv-00015 (filed Jan. 6, 2026); *Flores v. Topp*, No. 26-cv-00056 (filed Jan. 12, 2026); and *Flores v. Ward*, No. 25-cv-00061 (filed Jan. 12, 2026).

As to the disposition of the above cases, 11 have been transferred to other district courts on the grounds that venue in the Northern District of New York was improper: *Flores v. Meigs*, No. 23-cv-00979, *Flores v. SSM Health*, No. 23-cv-00980, *Flores v. Gorman & Company*, No. 23-cv-01023, *Flores v. Peterson*, No. 24-cv-01231, and *Flores v. Van Galder Coach USA Bus Co.*, No. 25-cv-00684; and *Flores v. Dane County Human Services*, No. 25-cv-01831 were

transferred to the Western District of Wisconsin; *Flores v. California Highway Patrol, et al.*, No. 24-cv-01229, was transferred to the Central District of California; *Flores v. Cornerstone Manor, et al.*, No. 25-cv-01744 was transferred to the Western District of New York; *Flores v. The Glover House*, No. 25-cv-01760 was transferred to the District of Columbia District Court; *Flores v. Davis*, No. 25-cv-01758 was transferred to the Southern District of New York; and *Flores v. Stephani, et al.*, No. 25-cv-01824 was transferred to the Eastern District of Wisconsin. *Flores v. Commissioner of Social Security*, No. 25-mc-00006, was dismissed for lack of subject matter jurisdiction; *Flores v. Credit One Bank, et al.*, No. 25-cv-00683, was dismissed with leave to file an amended complaint; Report-Recommendations recommending dismissal with leave to amend are pending in *Flores v. Wells Fargo*, No. 25-cv-01755 and *Flores v. Williams Court*, No. 26-cv-00015; and *Flores v. CA Cares, et al.*, No. 25-cv-01761, and *Flores v. Lester Smith, et al.*, No. 25-cv-0183, were administratively closed pending payment of the filing fee or the filing of an application to proceed in forma pauperis ("IFP"). The remaining cases are pending before the assigned magistrate judge for determination of Respondent's application for IFP status and initial review.

Respondent has also filed multiple cases in other districts, including, among others,[1] the Western District of Wisconsin, *see, e.g.*, *Flores v. Stonehouse Development*, No. 21-cv-00466 (W.D. Wis. filed July 22, 2021); *Flores v. Stonehouse Development*, No. 21-cv-00529 (W.D. Wis. filed Aug. 20, 2021)); *Flores v. City of Madison*, No. 21-cv-00546 (W.D. Wis. filed Aug. 26, 2021), and the District of Columbia, *see, e.g.*, *Flores v. Dane Cnty., et al.*, No. 23-cv-00020 (D.D.C. filed Jan. 3, 2023); *Flores v. Northwest Comm. Hosp.*, No. 23-cv-02867 (D.D.C. filed

---

[1] The Judiciary's Public Access to Court Records ("PACER") system, *see* https://pacer.uscourts.gov/ (last visited Jan. 20, 2026), indicates that Respondent has also filed case in, or has had cases transferred to, the Central District of California, the Middle District of Florida, the Southern and Western Districts of New York, and the Eastern District of Wisconsin.

Sep. 11, 2023); *Flores v. California Highway Patrol*, et al., No. 24-cv-00914 (D.D.C. filed Mar. 20, 2024); *Flores v. Olson*, No. 24-cv-01010 (D.D.C. filed Apr. 5, 2024). However, in 2024, both districts revoked Respondent's in forma pauperis status and barred Respondent from filing further cases without prepaying the filing fee. *Flores v. Progressive Ins.*, No. 23-cv-00398 (W.D. Wis. Apr. 19, 2024), Dkt. No. 23 (Bar Order); *Flores v. Olson*, 24-cv-01010 (D.D.C. Aug. 1, 2024), Dkt. No. 4, at 1 (Bar Order). Specifically, the Western District of Wisconsin sanctioned Respondent for "abus[ing] the judicial process with frivolous litigation" and barred Respondent from bringing new lawsuits without first prepaying the entire filing fee. *Flores v. Progressive Ins.*, No. 23-cv-00398 (W.D. Wis. Apr. 19, 2024), Dkt. No. 23. The court explained that of the 13 lawsuits Respondent had filed "[o]ver the last three years," 12 had been dismissed at the screening stage for "failing to state a federal claim, failing to meet the requirements for diversity jurisdiction, or being duplicative of another of her complaints." *Id.*, Dkt. No. 23, at 7. In its Bar Order, the district court for the District of Columbia found that in "a year and a half, Flores ha[d] filed 38 actions," 21 of which had been dismissed "largely for failure to state a claim and for failure to comply with the Court's directives," that Respondent had been "repeatedly forewarned that she may, in the future, be declared a vexatious litigant," that Respondent had filed "at least 22 matters in other federal courts, and similarly, [that] most of them also failed to survive the screening process," and concluded that "Flores's repeated filing of meritless complaints demonstrate[d] a persistent and ongoing pattern of filing frequent and duplicative lawsuits, overburdening the Court" and warranting the sanction of barring Respondent from filing any further actions without prepaying the filing fee. *Flores v. Olson*, 24-cv-01010 (D.D.C. Aug. 1, 2024), Dkt. No. 4, at 1–2.

### III.    DISCUSSION

#### A.    Relevant Law

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts must consider the following factors in deciding whether to impose a pre-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528).

#### B.    Analysis

Since August 2023, Respondent, acting pro se, has filed 33 actions naming approximately 90 different defendants; Respondent has filed 25 actions in just over one month and on December 14, 2025, filed 7 cases in one day. As outlined above, of the 16 actions that have undergone an initial review, all have been transferred, dismissed, or recommended for dismissal.

5

The Court therefore has little difficulty finding that Respondent's conduct in filing so many cases in such a short period of time can only be for purposes of vexation and harassment. Further, there is reason to believe that Respondent is filing these actions in this District in an attempt to circumvent the Bar Orders issued in the Western District of Wisconsin and the District of Columbia. First, Respondent filed 30 of her 33 actions in this Distrct *after* the issuance of the Bar Orders. Second, at least three of Respondent's recently-filed actions named defendants residing in Wisconsin and have been transferred to the Western District of Wisconsin, *see Flores v. Peterson*, No. 24-cv-01231, Dkt. No. 4; *Flores v. Van Galder Coach USA Bus Co.*, No. 25-cv-00684, Dkt. No. 7; *Flores v. Dane Cnty. Human Svcs.*, No. 25-cv-01831, Dkt. No. 9, and at least one of those actions named a defendant who was alleged to be from the District of Columbia and has also been transferred on grounds of improper venue, *see Flores v. The Glover House*, No. 25-cv-01760, Dkt. No. 5. Finally, as Respondent is well aware of the requirements for venue in the Northern District of New York as they were discussed at length in the orders transferring the first three cases she filed this District, *see Flores v. Meigs*, No. 23-cv-00979, Dkt. No. 4; *Flores v. SSM Health*, No. 23-cv-00980, Dkt. No. 6; *Flores v. Gorman & Co.*, No. 23-cv-01023, Dkt. No. 4, the Court finds Respondent's motive in pursuing litigation in this District is not in good faith but in an effort to evade the Bar Orders imposed in the Western District of Wisconsin and the District of Columbia. *See United States ex rel. Wolf v. United States*, No. 19-cv-2100, 2019 WL 1865202, at *2 (E.D.N.Y. Apr. 23, 2019) (finding that "since the proper venue" for the plaintiffs' claims was in the Eastern District of New York, where the plaintiffs were subject to a bar order, the plaintiffs' "filing of such claims in other jurisdictions would only be done in bad faith and in an effort to circumvent the bar order"). Thus, the Court concludes that Respondent's conduct in filing of numerous actions is not only vexatious in nature but is not done in good faith.

Although Respondent is not represented by counsel and has not, to date, caused needless expense to other parties as the courts in this District have dismissed or transferred her actions prior to the appearance of other parties, Respondent has caused an unnecessary burden on the Northern District of New York and its personnel. In all, Respondent has filed actions before seven district court judges and six magistrate judges, and management of those cases has required the extensive involvement of both Clerk's Office and Chambers' staff.

In light of the Respondent's ongoing efforts to file numerous lawsuits, even after having been subject to the sanction of being required to pay the filing fee in other districts, the Court finds no sanction other than an order barring Respondent from filing future actions pro se, without prior approval, would offer defendants or the Court adequate protection. *See Eliahu*, 919 F.3d at 715 (noting that although the plaintiffs had the resources to pay filing fees, "the record demonstrat[ed] that monetary sanctions are unlikely to dissuade them from continuing their litigation campaign"). Therefore, after carefully reviewing the record, the Court concludes that, unless Respondent shows cause otherwise, Respondent shall be enjoined from filing any civil action *pro se* in this District without prior leave of the Chief Judge or his or her designee.[2] Notwithstanding the overwhelming support for a pre-filing injunction of this kind, fairness dictates that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, Respondent shall have fourteen (14) days from the date of this Order to show cause, in writing, why she should not be from filing any civil action *pro se* in this District without prior leave of the Chief Judge or his or her designee.

---

[2] A pre-filing injunction would not apply to previously filed actions.

IV. **CONCLUSION**

**ACCORDINGLY**, it is

**ORDERED** that Respondent Valerie Flores shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, in writing, why she should not be barred from filing any civil action *pro se* without prior leave of the Chief Judge or his or her designee;[3] and it is further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall mail a copy of this Order to Show Cause to Respondent by regular and certified mail.

**IT IS SO ORDERED.**

Dated: January 20, 2026

Brenda K. Sannes
Chief U.S. District Judge

---

[3] This injunction would apply to, among other things, continued filings by Respondent as a pro se plaintiff in any action filed by her in state court removed to this Court or filed by her in another United States District Court and transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D.D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425, at *2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred from the District of Delaware).