UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: VALERIE FLORES,

                                                                           1:26-PF-00001 (BKS)

                          Respondent.
_____

### PRE-FILING ORDER AND TERMINATION OF MFT PRIVILEGES

**I.     PRE-FILING INJUNCTION**

On January 20, 2026, Valerie Flores ("Respondent") was ordered by the undersigned to show cause as to why she should not be enjoined from filing any new actions as a pro se plaintiff in the United States District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee. (Dkt. No. 1 ("OTSC")). On January 7, 2026, prior to the Court's issuance of the OTSC, Flores filed a response to United States District Judge Glenn T. Suddaby's Text Order, referring Respondent to the undersigned to consider whether a pre-filing order was warranted. *See Flores v. Credit One Bank*, No. 25-cv-683, Dkt. No. 9 (Text Order); Dkt. No. 12 (Response). On February 3, 2026, Respondent filed a response to the OTSC. (Dkt. No. 2 (Response)). The Court has considered both Responses.

In her Responses, Respondent opposes the imposition of a pre-filing order, summarizes the factual backgrounds of the cases she has filed in the Northern District of New York, notes her pro se status and the difficulty she has had finding legal counsel, and states that she does not like her cases being transferred to Wisconsin, where she does not believe she will receive a fair hearing. In her January 7, 2026, Response to Judge Suddaby, Respondent stated that she planned to file "one or two more cases" but no more. Since January 7, 2026, however, Respondent has filed 10 new cases. *See Flores v. Topp*, No. 26-cv-00056 (filed Jan. 12, 2026); *Flores v. Ward*, No. 26-cv-00061 (filed Jan. 12, 2026); *Flores v. Smith*, No. 26-cv-00121 (filed Jan. 26, 2026);

*Flores v. KW Call Center Services*, No. 26-cv-00122 (filed Jan. 26, 2026); *Flores v. Ada James Place*, No. 26-cv-00123 (filed Jan. 26, 2026); *Flores v. Cody*, No. 26-cv-00137 (filed Jan. 27, 2026); *Flores v. Mnookin*, No. 26-cv-00148 (filed Jan. 28, 2026); *Flores v. Pope Sr.*, No. 26-cv-00159 (filed Feb. 2, 2026); *Flores v. Honda of Greenbelt*, No. 26-cv-00160 (filed Feb. 1, 2026); *Flores v. Flemming*, No. 26-cv-00170 (filed Feb. 2, 2026). The Court therefore finds Respondent's representation in her January 7, 2026 Response to Judge Suddaby that she would file only "one or two" more cases, disingenuous. In addition, the Responses do not meaningfully address the concerns the Court articulated in the OTSC and fail to provide any basis for concluding that a pre-filing order is not warranted. Indeed, Respondent's conduct in filing eight new actions pro se following the Court's issuance of the OTSC does little to alleviate the Court's concern regarding vexatious and frivolous filings.

## II.     TERMINATION OF MFT PRIVILEGES

In reviewing Respondent's litigation practices in the 43 cases she has filed in the Northern District, Respondent's misuse of the MFT electronic filing system has come to the Court's attention. Not only have several of Respondent's filings have been stricken for violating Local Rule 26.2, which prohibits the filing of discovery materials, but on January 5, 2026, Respondent was cautioned that MFT privileges could be revoked if she continued submitting filings in violation of the Local Rules. *See, e.g.*, *Flores v. Hoye*, No. 25-cv-01743, Dkt. No. 6 (Text Order filed Jan. 5, 2026 striking statement from docket and cautioning that MFT privileges may be revoked by the Court in view of "pattern of filing, via MFT frivolous and irrelevant filings in violation of the N.D.N.Y. Local Rules in dockets 25-cv-01743, 25-cv-1745, 25-cv-1757, and 25-cv-1838"). As Respondent has continued to file documents that fail to comply with the Local Rules, *see, e.g.*, *Flores v. Delaware North*, No. 25-cv-01757, Dkt. No. 10 (Text Order striking document filed on Jan. 23, 2026 for violating Local Rule 26.2), despite being warned

2

that her MFT privileges may be revoked, the Court hereby terminates Respondent's MFT filing privileges. *See* N.D.N.Y. L.R. 10.1(c)(3) ("Failure to adhere to these requirements may result in . . . [the] terminat[ion of] the filer's MFT submission privileges."). Accordingly, all future submissions must be filed via mail sent to the United States District Court Clerk's Office for the Northern District of New York or in-person by bringing the submission to the Clerk's Office.

## III.   CONCLUSION

Accordingly, for all the reasons stated in the OTSC, (Dkt. No. 1), and for the reasons stated herein, Respondent is permanently enjoined from filing any new civil action pro se without prior permission of the Chief Judge or his or her designee, subject to the requirements outlined below.

**NOTICE TO PRO SE LITIGANT: FAILURE TO STRICTLY COMPLY WITH THE REQUIREMENTS OUTLINED BELOW MAY SUBJECT YOU TO FURTHER SANCTIONS.**

It is hereby

**ORDERED** that, pursuant to 28 U.S.C. § 1651(a), Respondent is permanently enjoined from filing any new actions[1] as a pro se plaintiff in the United States District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee,[2] subject to the requirements outlined below; and it is further

---

[1] The filings subject to this Order include filings of documents by Respondent as a pro se plaintiff in: (1) a new action opened by her in this Court through the filing of a complaint, a motion, an application, or any other means; (2) an action opened by her in another federal district court and transferred to this Court, when that action clearly should have been venued in this District, *see In re: Leon R. Koziol*, 15-AF-0005, Order, at 2–3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (collecting cases); and (3) an action opened by her in state court and removed to this Court by any party, when that action was laden with federal claims (especially claims based on grounds previously trodden by Respondent in this Court, and asserted against defendants who had been previously sued by her in this Court on similar grounds), *see In re: Leon R. Koziol*, 15-AF-0005, Order, at 2–5 & n.3 (N.D.N.Y. filed Dec. 19, 2019) (collecting cases).

[2] This injunction does not apply to pending actions.

**ORDERED** that the Clerk of the United States District Court for the Northern District of New York shall maintain the current file (1:26-PF-00001) with the general title "In Re: Valerie Flores." Unless otherwise ordered by the Chief Judge or his or her designee, this file shall serve as the repository of all orders relating to Respondent in this District, pleadings or documents submitted under the procedures set forth herein, and any order entered pursuant thereto. The Clerk of the Court shall also maintain a docket sheet associated with this case number and shall list all documents filed therein; and it is further

**ORDERED** that, before filing any new actions pro se in the Court, Respondent must first obtain permission from the Chief Judge or his or her designee. To do so, Respondent must submit to the Court three documents in the form described below: (1) a petition requesting leave to file; (2) an affidavit containing information specified below; and (3) a copy of the pleading or document sought to be filed. The filing shall be entitled "Application Pursuant to Court Order Seeking Leave to File," and shall contain the assigned file number in the caption; and it is further

**ORDERED** that a petition requesting leave to file must contain the following information:

(1) a statement advising the Court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was in any way involved in, any prior lawsuit or bankruptcy proceeding involving Respondent, and if so, in what capacity;

(2) a list of all lawsuits in the United States District Court for the Northern District of New York, Court of Appeals for the Second Circuit, and state courts in which Respondent was or is a party, including (a) the name, case number and citation, if

4

applicable, of each lawsuit, and (b) a statement indicating the nature of Respondent's involvement in each lawsuit and its current status or disposition;

(3) a list of all federal or state cases in which a judgment was rendered against Respondent, if any, including (a) the name, case number and citation, if applicable, (b) the amount of the judgment rendered against her, and (c) the amount, if any, of the judgment that remains outstanding and the reasons therefore;

(4) a list of all federal or state cases in which a judgment was rendered in favor of Respondent, if any, including the name, case number and citation, if applicable; and

(5) a list identifying the procedural or monetary sanctions, assessment of attorneys' fees, contempt orders or jail sentences arising out of a civil prosecution imposed against Respondent by any court, including all appellate courts, if any, including (a) the name, case number and citation, if applicable, of each case, (b) a brief statement explaining the sanctions, contempt order, attorneys' fees or jail sentence imposed, (c) the type or amount of sanctions, (d) the outstanding amount of any sanctions or attorneys' fees, and (e) the current status or disposition of the matter; and it is further

**ORDERED** that Respondent shall also submit (with the above-described petition) an affidavit, in the proper legal form, under oath and notarized, containing the following recitals:

(1) that the pleading or claims which Respondent wishes to present, or the relief which she seeks, has never before been raised by her and disposed of by any federal or state court and are not, to the best of her knowledge, barred by the doctrines of collateral estoppel or res judicata;

(2) that (a) to the best of Respondent's knowledge the claim or claims are not frivolous or asserted in bad faith, (b) they are well-grounded in fact and warranted by existing law or

5

a good-faith argument for the extension, modification or reversal of existing law, and (c) the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment;

(3) that the claim or claims are not meant to harass any judicial officer, attorney, individual, organization or entity; and

(4) that, in prosecuting the action, Respondent will comply with all federal and local rules of procedure, including those requiring the service on other parties of all pleadings and documents filed with the Court, and will provide the Court with acceptable proof that such service was made; and it is further

**ORDERED** that Respondent shall include with the above-described petition and affidavit a copy of the pleading and/or any other document(s) to be filed with the Court, and that the pleading and/or document(s) shall conform with the requirements of this Pre-Filing Order, Federal Rule of Civil Procedure 8, all other provisions contained in the Federal Rules of Civil Procedure, and the District's Local Rules of Practice; and it is further

**ORDERED** that, upon filing of an Application Pursuant to Court Order Seeking Leave to File, the Clerk or his or her designated deputy shall docket the pleading and/or document(s) in the case and in accordance with the rules, and immediately forward them to the Chief Judge or his or her designee for review; and it is further

**ORDERED** that, in deciding such an Application, the Chief Judge or his or her designee should consider the following:

(1) whether Respondent has complied with the procedures set forth in this Pre-Filing Order in all particulars;

(2) whether Respondent's pleading and/or document(s) comply with the Federal Rules of Civil Procedure and the District's Local Rules of Practice;

(3) whether the Respondent's pleading and/or document(s) are frivolous, abusive, harassing or malicious;

(4) whether the claims asserted in Respondent's pleading have been adjudicated previously by any state or federal court;

(5) whether Respondent has complied in all respects with Fed. R. Civ. P. 11 and all pleadings and documents would not give rise to liability for unreasonable and vexatious multiple filings;

(6) whether the pleading asserts claims against judges, court officials, public officers or any other individuals who may have immunity from suit; and

(7) whether the pleading and/or document(s) meet such other reasonable requirements established by the Court; and it is further

**ORDERED** that failure to comply with the procedures and principles set forth in this Order shall be grounds for denying the Application Pursuant to Court Order Seeking Leave to File without further review. Likewise, false or misleading recitals in the pleading or document shall be grounds for denial and may subject Respondent to further sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 and/or the Court's inherent power to sanction a litigant for bad-faith conduct or for disobeying court orders; and it is further

**ORDERED** that Respondent is further advised that nothing in this Pre-Filing Order (a) hinders her ability to defend herself in any criminal action brought against her, (b) limits her access to any court other than the United States District Court for the Northern District of New

York, or (c) affects her rights in any of her currently pending actions in state or federal court; and it is further

**ORDERED** that Respondent's MFT privileges are **TERMINATED** and all submissions must be mailed to the United States District Court Clerk's Office for the Northern District of New York or filed in-person at the Clerk's Office; and it is

**CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Pre-Filing Order would not be taken in good faith; and it is further

**ORDERED** that the Clerk shall serve a copy of this Pre-Filing Order on Respondent by regular and certified mail.

**IT IS SO ORDERED.**

Dated: <u>February 4, 2026</u>
       Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge